IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                          ORDER

            Petitioner,

                                          08-cv-398-bbc

     v.

WILLIAM HOLM,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                                          ORDER

            Petitioner,

                                          08-cv-411-bbc

     v.

TRAVIS BITTELMAN,
BRIAN NEUMAIER and
MICHAEL FINK,

           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Petitioner Mark Marshall, a prisoner at the Waupun Correctional Institution in

Waupun, Wisconsin, has submitted proposed complaints in these cases. He requests leave

to proceed in forma pauperis. A decision on the requests will be delayed until petitioner

1

pays initial partial payments of the $350 filing fees as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. Petitioner's initial partial payments cannot be calculated at this time because he has not submitted trust fund account statements with his complaints.

Petitioner believes that he will not owe a filing fee in either of these cases. On the last page of his request to proceed in forma pauperis in case no. 08-cv-398-bbc, petitioner says, "There was an order priorly saying I do not owe filing fee when I refile!" He elaborates in the affidavit of indigency in case no. 08-cv-411-bbc saying, "This suit was priorly filed before the George v. Smith decision and it was decided that when plaintiff refiled this claim, I would not owe a filing fee." Petitioner appears to be referring to the November 26, 2007 opinion in Marshall v. Nickel, 06-cv-617-bbc. In that order, I informed petitioner of the decision by the Court of Appeals for the Seventh Circuit in George v. Smith, 507 F.3d 605 (7th Cir. 2007), requiring multiple claims against multiple defendants to be brought in separate lawsuits. I separated his claims into six individual lawsuits and gave him an opportunity to choose which lawsuits he intended to pursue. In addition, I told petitioner he would not owe the $350 filing fee for those lawsuits he chose to dismiss and he would be free to pursue those lawsuits at another time.

Under ordinary circumstances, I would not have been free to excuse petitioner's payment of a filing fee. However, the circumstances in case no. 06-cv-617-bbc were not

2

ordinary. Petitioner filed that case before the court of appeal's ruling in <u>George</u>, and he could not have anticipated its far-reaching effects. Although I told petitioner in the November 26 order that he could withdraw any or all of the newly severed actions and not owe a filing fee, I did not give him permission to refile the dismissed lawsuits with an exemption to the filing fee requirements of 28 U.S.C. § 1915. If petitioner intends to pursue his new lawsuits, he must submit trust fund account statements for the six-month period immediately preceding the filing of his complaints.

Petitioner's complaints were submitted on July 8, 2008 and July 12, 2008. His trust fund account statements should cover the six-month period beginning approximately January 7, 2008 and ending approximately July 11, 2008. Once petitioner has submitted the necessary statements, I will calculate his initial partial payments and advise him of the amount he will have to pay before the court can screen the merits of his complaints under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that petitioner may have until August 8, 2008, in which to submit trust fund account statements for the period beginning approximately January 7, 2008 and ending approximately July 11, 2008. If, by August 8, 2008, petitioner fails to respond to this order, I will assume that he wishes to withdraw these actions voluntarily and, in that

3

case, the clerk of court is directed to close these files without prejudice to petitioner's filing his cases at a later date.

 Entered this 18th day of July, 2008.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge