IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                ORDER

      Petitioner,

                08-cv-398-bbc

  v.

WILLIAM HOLM,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK D. MARSHALL,

                ORDER

      Petitioner,

                08-cv-411-bbc

  v.

TRAVIS BITTELMAN,
BRIAN NEUMAIER and
MICHAEL FINK,

      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In orders entered in these cases on July 24, 2008, I assessed petitioner $.33 initial partial payments of the $350 filing fees and gave him until August 15, 2008, in which to make his payments. Now petitioner has submitted a "Memorandum and Response to Judge

1

Orders," that I construe as a motion to waive the initial partial payments.

In his motion, petitioner says that he is "financially totally impoverished." Under 28 U.S.C. § 1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. His immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to § 1915(b)(4). In Newlin v. Helman, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

I was able to calculate petitioner's initial partial payments based on information he provided in his six-month trust fund account statement showing a single deposit to his

2

account in the amount of $10. True, the majority of his income is being withheld to pay various debts. However, that does not mean that petitioner will be unable to make the payment he has been ordered to pay in this case. Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts. <u>Walker v. O'Brien</u>, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that petitioner owes money for other debts does not prevent him from utilizing new deposits to make an initial partial payment in this case. Therefore, petitioner's motion to waive the initial partial payments will be denied.

It may well be that petitioner will not be able to pay the initial partial payments he has been assessed from the next deposit to his account. In his motion, petitioner says his "supportive people or family members are unable to financially help [him] now." Therefore, I am willing to allow him an extension of 21 days time to pay the initial partial filing fee. If, however, by September 2, 2008, petitioner is unable to pay the initial partial payments, I will consider that he has withdrawn these actions and he will not owe the filing fees. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that petitioner's motion to waive the initial partial payment (dkt. #6) is DENIED.

Further, IT IS ORDERED, that petitioner have an enlargement of time to September 2, 2008, in which to pay the $.33 initial partial payments of the $350 filing fees. The payment(s) must be submitted by check or money order made payable to the clerk of court. If, by September 2, 2008, petitioner fails to make the initial partial payments, the clerk is directed to close these files without prejudice to petitioner's filing his cases at a later date.

Entered this 12th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge